```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| LESLIE BARTH,<br><br>       Petitioner,<br><br>       v.<br><br>WARDEN, FCI FORT DIX and<br>UNITED STATES PAROLE<br>COMMISSION,<br><br>       Respondents. | HONORABLE JEROME B. SIMANDLE<br><br>CIVIL NO. 09-3519 (JBS)<br><br><br>**OPINION** |

APPEARANCES:

Walter F. Timpone, Esq.
MCELROY, DEUTSCH & MULVANEY, LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962-2075
    Counsel for Petitioner

Michele Brown
Acting United States Attorney
    By: Daniel J. Gibbons
        Assistant U.S. Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
    Counsel for Respondents

**SIMANDLE**, District Judge:

    Petitioner Leslie Barth, a federal prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey ("FCI Fort Dix"), brings this civil action for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner maintains that as a result of a detainer lodged by Respondent United States Parole Commission ("Parole Commission") and the subsequent delay in holding a parole revocation hearing he has been deprived his

constitution right to due process, and hence relief under Section 2241 is required.  In particular, Petitioner asks the Court to order his immediate release and to require that Respondents schedule a prompt revocation hearing.  Petitioner further requests release on the grounds that he may not be ordered to serve any additional time as a result of his parole violation.  For the reasons discussed herein, Petitioner's application for a writ of habeas corpus will be denied.

**I.      BACKGROUND**

Petitioner's present confinement arises out of two convictions, the first in 1994 and the second in 2007 while Petitioner was released on parole for the 1994 conviction.  On May 11, 1994, the United States District Court for the District of Connecticut sentenced Petitioner to fifteen years incarceration, to be followed by a term of probation, for wire and mail fraud.  Petitioner's criminal conduct occurred before November 1, 1987, the effective date of the United States Sentencing Guidelines, and so Petitioner remained eligible for parole for that offense.  On September 18, 2002, the Parole Commission released Petitioner on parole, to remain under supervision until July 18, 2010.  In addition, because of the nature of his sentence, Petitioner also began serving his term of probation.  While released on parole and probation, Petitioner was arrested and pled guilty to one count of conspiracy to commit

wire fraud under 18 U.S.C. § 371.  On May 23, 2007, the United States District Court for the Southern District of New York sentenced Petitioner to thirty months incarceration for the new offense.  Petitioner also pled guilty to violating his probation and received a six month concurrent sentence.  In September, 2007, Petitioner began to serve his sentence for the new conviction.

On October 25, 2007, the Parole Commission issued a warrant charging Petitioner with violating the conditions of his parole and placed a detainer on him, stating that the warrant would be executed on his release from custody for the 2007 offense.  The Commission proceeded with a dispositional review of the detainer and determined that it should remain in place pursuant to 28 C.F.R. § 2.47(b).[1]  Thus, approximately six months after

---

[1] 28 C.F.R. § 2.47(b) outlines the Commission's options for managing a parole violation warrant for a prisoner serving a new federal sentence:

> (b) If the prisoner is serving a new federal sentence, the Regional Commissioner, following a dispositional record review, may:
>
> (1) Pursuant to the general policy of the Commission, let the warrant stand as a detainer and order that the revocation hearing be scheduled to coincide with the initial hearing on the new federal sentence or upon release from the new sentence, whichever comes first;
>
> (2) Withdraw the warrant, and either order reinstatement of the parolee to supervision upon release from confinement or close the case if the expiration date has passed.

Petitioner learned that he was the subject of a detainer, the Parole Commission informed him that the detainer would remain in place.

Over the next twelve months, Petitioner made repeated attempts to both resolve his parole violation with the Parole Commission and to encourage the Commission to schedule a revocation hearing regarding the violation.  Both efforts failed, for Petitioner rejected the offer of the Parole Commission as being too onerous and the Parole Commission declined to execute the parole revocation warrant and hold a revocation hearing before Petitioner completed his sentence for the 2007 conspiracy conviction.

During this period, Petitioner successfully completed the Residential Drug and Alcohol Program ("RDAP") at Fort Dix, as authorized by 18 U.S.C. § 3621(b).  All of those prisoners who completed RDAP with Petitioner, except for Petitioner, were transferred to a halfway house to complete a six month community-based treatment program and then were awarded early release pursuant to 18 U.S.C. § 3621(e)(2)(B).  Instead, Petitioner remained incarcerated and completed his sentence for the 2007 conviction on July 8, 2009, at which point the Parole Commission executed the parole violation warrant.  It is Petitioner's understanding that the Parole Commission will conduct parole revocation hearings at Fort Dix in late August or September of

2009, and that any decision from that hearing will not become final for another two months after that date.  Petitioner remains in custody at Fort Dix on the parole revocation warrant and is awaiting a parole revocation hearing.

**II.   DISCUSSION**

    **A.   Jurisdiction**

Section 2241 of Title 28 of the United States Code provides, in relevant part:

> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within the respective jurisdictions
>
> . . .
>
> (c) The writ of habeas corpus shall not extend to a prisoner unless . . . (3) he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(a), (c)(3).

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 2241(a) and (c) in that Mr. Barth challenges his custody in this district under the authority of the United States and in violation of the Constitution of the United States.  See United States v. Ferri, 686 F.2d 147, 158 (3d Cir. 1982), cert. denied, 459 U.S. 1211 (1983)(claims attacking the execution of a petitioner's sentence are properly brought under 28 U.S.C. § 2241); see also Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001) ("Section 2241 is the only statute that

5

confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence."). Indeed, "Section 2241 of title 28 has long been recognized as the basis for challenging the execution of the sentence of a person in federal custody or a person sentenced for violating a federal criminal statute." Zucker v. Menifee, 2004 WL 102779, *3 (S.D.N.Y. January 21, 2004)(citing Maleng v. Cook, 490 U.S. 488, 493 (1989)(per curiam)).

**B.   Timeliness of Parole Revocation Hearing**

Petitioner argues that the delay in holding a parole revocation hearing and the collateral consequences of the continued detainer violated Petitioner's right to due process. Respondents disagree, arguing that under Moody v. Daggett, 429 U.S. 78 (1976) Petitioner is not entitled to the due process protections with regards to the parole revocation process until the warrant is executed and he is taken into custody as a parole violator. Respondents further reply that the collateral consequences of the detainer do not deprive Petitioner of his right to due process. As will be explained in greater detail below, the Court finds that consistent with Moody the Parole Commission was under no obligation to hold Petitioner's parole revocation hearing before the conclusion of his sentence for the 2007 conspiracy conviction and the execution of the warrant and that Petitioner has no protectable liberty interest in the

benefits, including eligibility for early release, that he was denied due to the detainer.

It is by now well-established that a parolee facing revocation of parole has a constitutional liberty interest in his freedom, despite its conditional and qualified nature. Morrissey v. Brewer, 408 U.S. 471, 483 (1972). As a consequence, the government may not revoke parole without providing due process as required by the Fifth or Fourteenth Amendments to our Constitution. Morrissey, 408 U.S. at 483; United States v. Lloyd, 566 F.3d 341, 343 (3d Cir. 2009). Among the requirements necessary to comport with due process, a Petitioner is entitled to a revocation hearing within a reasonable time after being taken into custody. Morrissey, 408 U.S. at 487-89; United States v. Dobson, 585 F.2d 55, 61 (3d Cir. 1978). These rights do not attach, however, until the execution of a parole violator warrant "for the loss of liberty as a parole violator does not occur until the parolee is taken into custody under the warrant." Moody, 429 U.S. at 87. A federal prisoner serving his sentence for a criminal conviction that also amounts to a violation of parole for an earlier conviction has lost his liberty not because of the outstanding parole violator warrant, but because of the criminal conviction. Id. at 86-87. "Issuance of the warrant and notice of that fact to the institution of confinement did no more than express the [Parole Commission's] intent to defer

consideration of parole revocation to a later time." Id. at 86. Thus, "a federal parolee, when convicted of and imprisoned by federal authorities for another crime committed while on parole, has no right to a prompt revocation hearing upon the issuance of a parole violator warrant based on that second crime." U.S. ex rel. Caruso v. U.S. Bd. of Parole, 570 F.2d 1150, 1153 (3d Cir. 1978).

In the present case, Petitioner was in custody for his 2007 conspiracy conviction and sentence until July 8, 2009, at which point the parole violator warrant was executed and he is now awaiting his constitutionally mandated revocation hearing. Consistent with federal regulations, the Parole Commission must schedule a revocation hearing within ninety days of execution of the violator warrant -- that is, October 6, 2009. 28 C.F.R. § 2.49(f). Petitioner does not suggest that the delay of less than two months from the execution of the warrant violates his right to due process, see Morrissey, 408 U.S. at 488 ("[a] lapse of two months . . . would not appear to be unreasonable"), but instead asserts that the delay from the imposition of the detainer until the present was unreasonable and deprived him of a protected liberty interest without due process. Petitioner cannot avail himself of this argument, for until the warrant was executed, he had no lost no liberty interest due to the outstanding parole violator warrant. See Moody, 429 U.S. at 86-87; U.S. ex rel.

Caruso, 570 F.2d at 1153.

Petitioner argues that because the imposition of the detainer and delay in a revocation hearing deprived him of an opportunity for transfer to community confinement and ultimately early release under 18 U.S.C. § 3621(e)(2)(B), the delay deprived him of a liberty interest without due process. These collateral consequences of the detainer do not, however, rise to the level of a constitutional deprivation for which habeas relief can be granted. The Supreme Court in Moody directly addressed and rejected a similar argument, where the petitioner maintained "that the pending warrant and detainer adversely affect[ed] his prison classification and qualification for institutional programs." 429 U.S. at 88 n.9. The Supreme Court declined to grant relief for the denial of such benefits that are left to the "full discretion" of prison officials and so the petitioner had "no legitimate statutory or constitutional entitlement sufficient to invoke due process." Moody, 429 U.S. at 88 n.9; see Becerra v. Miner, 248 F. App'x 368, 370 (3d Cir. 2007) (inmate assigned public safety factor of "deportable alien" had no liberty interest in his consequential disqualification for certain institutional programs).

Moreover, Petitioner has no due process liberty interest in early release following his completion of RDAP. Pursuant to Section 3621(e), and as an incentive for prisoners' successful

completion of substance abuse treatment, "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." 18 U.S.C. § 3621(e)(2)(B).  To complete the BOP treatment program, and therefore to become eligible for early release, an inmate must complete all phases of the treatment program, including the community treatment component which follows the unit-based residential treatment program that Petitioner completed.  28 C.F.R. §§ 550.53, 550.55.  Inmates with a detainer cannot participate in the community treatment program and consequently cannot be eligible for early release.  BOP Program Statement 5331.02 § 7(a); BOP Program Statement 7310.04 § 10(f); James v. DeRosa, No. 04-3808, 2005 WL 2247951, at *3 (D.N.J. Sept. 14, 2005).[2]

Petitioner's inability to pursue early release due to his

---

[2] Petitioner does not challenge the BOP's decision to preclude his participation in the community treatment program, but instead attacks the decision to impose and maintain the detainer without holding a revocation hearing.  Any argument attacking the BOP's decision to prohibit Petitioner's community treatment on the grounds of his pending detainer would be fruitless.  The Court has previously held that the existence of a detainer is "a legitimate factor to consider in determining eligibility for custody-related programming," specifically the community transitional services component of the BOP substance abuse treatment program, and thus an inmate with a detainer cannot challenge the BOP decision on these grounds.  DeRosa, 2005 WL 2247951, at *3-4.

detainer does not implicate his due process rights, for he had no liberty interest in a sentence reduction under Section 3621(e). Richardson v. Joslin, 501 F.3d 415, 419-20 (5th Cir. 2007); Rublee v. Fleming, 160 F.3d 213, 217-18 (5th Cir. 1998), cited with approval by Becerra, 248 F. App'x at 370; Hugel v. Bledsoe, No. 08-1050, 2009 WL 1406252, at *4 (M.D. Pa. May 18, 2009); Marine v. Quintana, No. 08-333, 2009 WL 1065915, at *11 (W.D. Pa. Apr. 20, 2009). The Due Process clause itself does not create a liberty interest in early release under Section 3621(e) because requiring Petitioner to serve the remainder of his original sentence "is not outside what a prisoner 'may reasonably expect to encounter as a result of his or her conviction in accordance with due process of law.'" Richardson, 501 F.3d at 419-20; see Becerra, 248 F. App'x at 370. Nor does Section 3621(e) create a liberty interest, because the determination whether to release a particular inmate is left to the discretion of the BOP. 18 U.S.C. § 3621(e)(2)(B) ("The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons . . .") (emphasis added); see Lopez v. Davis, 531 U.S. 230, 241 (2001) ("When an eligible prisoner successfully completes drug treatment, the Bureau thus has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment."). There is

11

not the necessary mandatory language in Section 3621(e) and so Petitioner has no statutory right to early release under Section 3621(e).  Richardson, 501 F.3d at 419-20; Rublee, 160 F.3d at 217-18, cited with approval by Becerra, 248 F. App'x at 370; see Meachum v. Fano, 427 U.S. 215, 226-28 (1976) (holding that a statute which grants the prison administration discretion does not confer a right on an inmate).

In the absence of a protectable interest in either his prison classification, his qualification for rehabilitative programs, or early release, Petitioner cannot show a constitutional deprivation as a result of the existence of the parole violator detainer or the delay in holding a parole revocation hearing.  See Merriweather v. U.S. Parole Comm'n, No. 08-1977, 2009 WL 1684589, at *5 (E.D. Cal. June 16, 2009) (petitioner not entitled to relief based on fact that parole violator detainer prevented placement in a halfway house and early release); Bovio v. U.S. Parole Comm'n, No. 06-15213, 2008 WL 1808323 (E.D. Mich. Apr. 21 2008) (same); Evans v. Frank, No. 07-631, 2007 WL 4207517 (E.D. Wis. Nov. 26, 2007) (same).  The Court having found the Petitioner was not deprived of due process as a result of the delay in receiving a parole revocation hearing or the collateral consequences of that delay, his present incarceration is lawful and the Court will deny his request for habeas relief.

12

### C. Constitutionality of Any Future Sentence

Petitioner's arguments regarding any future sentence he might receive should the Parole Commission decline to place Petitioner back on parole do not render his present confinement unconstitutional. Petitioner argues that under the mandatory parole guidelines and giving Petitioner a reduction of twelve months for his completion of the RDAP program, any sentence imposed could not extend his incarceration beyond the time he has already served and so he is entitled to immediate release. There are several flaws in his argument. First, any future sentence of incarceration for his parole violation is speculative and does not present a current constitutional deprivation to form the basis of habeas relief.

Second, even were the Court to accept Petitioner's argument that he is entitled to a one-third reduction of any potential sentence (despite the fact that the regulation requiring this reduction is inapplicable to Petitioner's claim),[3] the Court

---

[3] Petitioner argues that consistent with 28 C.F.R. § 2.53(d) any revocation sentence he receives should be reduced by one-third. In so arguing, Petitioner acknowledges that the one-third reduction in Section 2.53(d) applies only to inmates who receive a violator sentence of five years or more, while under the Parole Commission's own calculations Petitioner is facing a maximum sentence of forty-eight months. He nevertheless maintains, and not without reason, that if the principle of Section 2.53 -- the one-third reduction -- is not applied to his case, then were he sentenced to a forty-eight month sentence he would in fact serve more time than a person sentenced to sixty months (but who would serve only forty months), and such a result would be unfair. While this may be true, the Parole Commission had not yet revoked

cannot find that Petitioner has a constitutional right to a twelve month reduction of his parole violation sentence for his RDAP participation. The Court has already found that Petitioner was both ineligible to receive the benefit of early release and lacked any liberty interest in that release under Section 3621(e). The Court cannot find that under 28 C.F.R. § 2.60, which generally allows for a Parole Commission sentence reduction of up to five months for prisoners facing a forty-three to forty-eight month sentence and who have shown "superior program achievement" (including completion of a residential substance abuse program[4]), Petitioner is entitled as a matter of law to a reduction of twelve months. Though the Parole Commission may ultimately apply the reduction requested, where due process does not require Petitioner to obtain a twelve-month early release

---

his parole, nor calculated and imposed any sentence, and a ruling on this issue would be premature.

[4] The Parole Commission regulations define "superior program achievement" broadly and leave the ultimate decision to the discretion of the adjudicator:

> Superior program achievement may be demonstrated in areas such as educational, vocational, industry, or counseling programs, and is to be considered in light of the specifics of each case. A report from the Bureau of Prisons based upon successful completion of a residential substance abuse program of at least 500 hours will be given prompt review by the Commission for a possible advancement under this section.

28 C.F.R. § 2.60(b).

14

under Section 3621, due process similarly does not require a twelve-month early release under 28 C.F.R. § 2.60, which limits a discretionary reduction in sentence in Petitioner's case to five months except in "extraordinary circumstances." 28 C.F.R. § 2.60(d). Thus, the Court cannot declare Petitioner's proposed maximum sentence of twenty months (taking into account the highest possible sentence and applying the demanded reductions of one-third and then twelve months) is required by due process. There being no unconstitutional sentence holding Petitioner at the present time, and Petitioner not having a constitutional right to a sentence that does not impose any additional incarceration, the Court will decline the habeas relief requested.

### III. CONCLUSION

For the foregoing reasons, the Court will deny Petitioner's application for writ of habeas corpus. The accompanying Order will be entered.

**August 25, 2009**            **s/ Jerome B. Simandle**
Date                           JEROME B. SIMANDLE
                               U.S. District Judge